## Comly's Estate.

*Jurisdiction and Practice, O. C. — Sales of real estate — Class legacies — Revised Price Act of June 7, 1917.*

1. Where a testator, who has an equitable life interest in real estate with a testamentary power of appointment, exercises the power by directing in his will that the trust shall continue for the benefit of his children until the death of his "last child," and that on the death of such "last child" the trustee shall convey the land to his grandchildren now born or to be born, share and share alike, the grandchildren take as a class, the members of which are to be ascertained at the death of the last surviving child, and the Orphans' Court has jurisdiction under section 2 (*b*) or (*c*) of the Revised Price Act of June 7, 1917, P. L. 388, to entertain a petition by the last surviving child for the sale of the property.

2. Where testator had an equitable life estate with a testamentary power of appointment in one tract and a like interest in only two-thirds of another tract, and the tracts are held by different trustees under separate trusts, the court will not order a sale of both tracts under one petition, since the parties in interest are not identical, and if the two tracts were sold in one parcel, it would be difficult, if not impossible, accurately to apportion the purchase money.

Exceptions to master's report. O. C. Phila. Co., April T., 1924, No. 1260.

*W. Horace Hepburn,* for petitioner; *George J. Edwards, Jr.,* contra.

HENDERSON, J., Dec. 11, 1925.—This is an application for an order on a trustee to sell real estate under section 2, clause *(b),* of the Revised Price Act of 1917, P. L. 388.

Samuel Comly died about June 1, 1866, leaving a last will, in which he provided as follows:

"I give and bequeath all that Farm conveyed by my Mother Martha Comly situated near Frankford now City of Philada. to my son John in Trust for my use and disposal containing Twenty four acres more or less Also two lots of land adjoining partly inherited from my Father and partly purchased of the joint Heirs, together about 7 acres—also held by son John in trust for my use & disposal unto my grandchildren now born or may be born hereafter share & share alike—with this express reservation that is, that the Trustee should he survive me shall hold the property during his lifetime as an asylum and head quarters for all my children each with equal rights to use and enjoy the use and benefits of the Farm & Buildings subject however to any mutual arrangements they may make. In the event of the demise of John the Trustee my Executors must appoint other Trustees who shall hold the Property for the purpose before mentioned until the demise of my last child."

Three questions are raised by the exceptions to the master's report: (1) Has this court jurisdiction; (2) will the proposed sale be to the interest and advantage of the parties; and (3) should the smaller tract of about six acres be included in this proceeding?

The jurisdiction of this court depends upon whether the facts of this case bring it within the Revised Price Act, § 2 *(b)* and *(c),* which provide as follows:

"*(b)* Where the legal title is an estate tail or is subject to contingent remainders, executory devises, or remainders to a class, some or all of whom may not be in being or ascertained at the time of the entry of the decree.

"*(c)* In all cases where estates shall have been devised or granted for special or limited purposes."

It is undoubtedly true that the facts of this case do bring it within one of these provisions, and it is not necessary now to determine which. The rights of the parties can be determined when the fund is made the subject of an accounting.

#### Comly's Estate.

It is well established that where a gift is to a class, all of whom are lineals, or where the testator's will indicates a time for vesting in possession beyond the date of his death, the members of the class are to be ascertained at that time and not at the date of the testator's death.

The next question raised by the exceptions is whether a sale would be to the interest and advantage of the parties.

It appears that there is an actual offer of $115,000 for the property, which is assessed as a whole at a trifle over $48,000. It rents for but $60 per year, and the taxes are now five years in arrear, aggregating $5240, and a sale threatened therefor.

The objecting grandchild contends that the property is worth $155,000. If he is right, he will have an opportunity to demonstrate the correctness of his judgment at the time of the sale. The objector is really gambling on the assessment being kept at less than one-third of the value of the property, if his idea of value is correct. If the assessor should raise the assessment so as to make it more nearly conform to the real value of the property, it would not take many years for taxes, interest, penalties and costs, should the city not force a sale, to make a hole in the *corpus*, which the objector and all parties in interest would greatly regret. If, in addition to these considerations, streets are opened and liens filed for improvements thereof, there being no funds to take care of these charges, disaster would not be long in overtaking all parties concerned. Furthermore, who can tell how soon the present speculation in real estate will collapse, and this is likely to occur first in vacant land yielding no income.

We are of opinion that it will be greatly to the interest and advantage of all parties in interest that the sale of this property should be had.

The third question raised by the exceptions concerns the joining in this proceeding of the small tract of about six acres which adjoins the larger tract.

It appears that the testator had a one-third undivided interest in this smaller tract, and that in 1910 Daniel F. Comly purchased the remaining two-thirds interest and put of record a declaration of trust that it was his intention to preserve the said tract for the benefit and advantage of the heirs of Samuel Comly "under the provisions of his will and testament." Under this declaration of trust, Daniel F. Comly was the trustee, whereas, under the will of Samuel Comly, the Land Title and Trust Company is the substituted trustee. The declaration of trust recites that it is for the benefit of twelve nephews, naming them; whereas, under the will of Samuel Comly, the remainder vested in seventeen grandchildren, and the share of such of them as are deceased will pass through their estates.

This is not a case where part of the title is by will and part by deed, because none of the title under the deed is in the trustee under the will of Samuel Comly; nor can it be regarded as a purchase by a trustee under the will.

It is urged that as James V. Comly has been joined as a party in interest, as petitioner, that a sale of this tract should be decreed under section 4 of the Revised Price Act of 1917.

It may be that this court would have jurisdiction under that section of the Revised Price Act, or under the Partition Act, but we know of no authority to join together what should be two separate proceedings; the mere facts that the tracts are contiguous and that the fund will go largely to the same persons will not justify their joinder in one proceeding. We are asked in one decree, and that in the estate of Samuel Comly deceased, to direct the Land Title and Trust Company, substituted trustee under his will, to make a sale and conveyance of the twenty-four-acre tract, and also that Daniel F. Comly,

as trustee under his declaration of trust, make sale of the two-thirds undivided interest in the six-acre tract. The parties in interest are not identical, and if the two tracts were sold in one parcel, it would be difficult, if not impossible, accurately to apportion the purchase money.

In drafting the petition in this proceeding, counsel had assumed that the shares of deceased grandchildren would pass to their issue, or, if none, then to their collateral heirs, all of whom would be on the record. This was true of the shares of such grandchildren as died intestate. These shares were vested, and, hence, they would pass under the wills of those dying testate. In order to cure this defect, all parties have entered into a stipulation, which is filed herewith, bringing into the record the wills of such deceased grandchildren who died testate, and appearances for new parties thus brought upon the record have been entered.

The exceptions are sustained as to the six-acre tract, and it will be omitted from the decree; all other exceptions are dismissed.

Counsel will submit a form of decree drawn up in accordance with this opinion.

THOMPSON, J., did not sit.